# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY JUSTICH,

                Plaintiff,

v.

KEVIN CARR, JOHN TATE, MICHAEL RIVERS, and JOHN DOES 1-50,

                Defendants.

Case No. 20-CV-1575-JPS

**ORDER**

Plaintiff Tony Justich ("Plaintiff") was an inmate confined at Oshkosh Correctional Institution ("Oshkosh") when he filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated the Eighth and Fourteenth Amendment rights, as well as other state and constitutional rights, of all persons incarcerated in Wisconsin facilities under the custody of the Wisconsin Department of Corrections, due to the conditions of Wisconsin prisons during the COVID-19 pandemic. (Docket #1). Plaintiff seeks to make this a class action, with himself representing all prisoners in the Wisconsin prison system. (*Id.* at 1–2). Additionally, Plaintiff filed a motion for a preliminary injunction and for a temporary restraining order. (Docket #4). This Order resolves Plaintiff's pending motions, addresses his request to proceed as a class, and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability

to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time as he is able. *Id.*

On November 5, 2020, the Court permitted Plaintiff to pay an initial partial filing fee of $23.72 from his release account. (Docket #14). Plaintiff paid that fee on November 19, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that from January 1, 2020 until the present, Defendants violated the Eighth and Fourteenth Amendment rights, as well as other state and constitutional rights, of all persons incarcerated in Wisconsin facilities under the custody of the Wisconsin Department of Corrections. (Docket #1). Plaintiff states that Defendants did not properly create, implement, or enforce policies that would prevent the spread of COVID-19 in the prisons. (*Id.* at 5–8, 10–13). Additionally, Plaintiff alleges that the conditions of confinement at the prisons during the COVID-19 pandemic created an environment that allowed the virus to spread easily. (*Id.* at 4–5). Further, Plaintiff alleges that Defendants did not utilize the various methods of releasing prisoners to prevent overcrowding in the

prisons. (*Id.* at 7–8). Lastly, Plaintiff requests that this case be certified as a class action, with him representing over 20,000 inmates. (*Id.* at 8–10).

### 2.3 Analysis

First, the Court will address Plaintiff's request for this case to be certified as a class action and that he represent over 20,000 Wisconsin inmates. The Court must deny Plaintiff's request for class certification. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow pro se prisoners to represent a class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit an imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Because Plaintiff and his proposed class of 20,000 inmates are not represented by a lawyer, the request for class certification will be denied at this time.

Second, as Plaintiff drafted the complaint for the purpose of a class action suit, the complaint does not state with specificity what claims apply to Plaintiff, rather than the 20,000 Wisconsin inmates. *See* (Docket #1). Instead, the complaint contains generalized allegations regarding all prisons in Wisconsin and allegations regarding the policies put in place by Defendants to regulate those prisons. (*Id.*) Plaintiff does provide more specifics about his personal experience at Oshkosh, however, he does this

in a separate declaration which also serves as the basis of his motion for a preliminary injunction and temporary restraining order. (Docket #5). As it stands now, Plaintiff's complaint fails to state a claim because it lacks specific allegations regarding the actions or inactions of Defendants that violated Plaintiff's constitutional rights. "Individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

The Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against Defendants. If he chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: 1) what actions did each Defendant take or not take that specifically violated Plaintiff's constitutional rights; and 2) what injury did Plaintiff sustain due to Defendants' actions or lack of action. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the Defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which Defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiff wishes to file an amended complaint, he must include *all* of the allegations he wishes to make in a single filing, without reference to other documents. If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

### 3.   MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

On October 13, 2020, Plaintiff filed a motion for a preliminary injunction and for a temporary restraining order, (Docket #4), and a supporting declaration, (Docket #5). The motion states that the COVID-19 pandemic has created a high-risk situation to the health of Plaintiff (and all other Wisconsin prisoners, as Plaintiff filed the motion along with a request for class certification in his complaint) and will cause him irreparable harm. (Docket #4). Plaintiff seeks to have Defendants and the Wisconsin Department of Corrections: 1) lower the number of prisoners within the Wisconsin prison system; 2) move prisoners to specific housing units if they have tested positive for COVID-19; 3) have all prisoners in the Wisconsin prison system evaluated for medically-based release; 4) utilize release methods, "with the goals of releasing at least 500 of the [prisoners] within 30 days" and "an additional 2000 every six months" until the amount of

people confined in the Wisconsin prison system is 15,000; and 5) allow medical personnel to support prisoners' applications for medically-based release without retaliation. (Docket #4-1; Docket #1 at 14–15).

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will suffer 'irreparable harm'; (2) 'traditional legal remedies would be inadequate'; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). "Mandatory preliminary injunctions—those 'requiring an affirmative act by the defendant'—are 'ordinarily cautiously viewed and sparingly issued.'" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quoting *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)).

To start, when Plaintiff filed his motion, the many COVID-19 vaccines had not yet been approved for use. However, now, the vaccines are being distributed to the people confined in the Wisconsin Prison system.[1] As of August 18, 2021, 69.8% of the people in the care of the Wisconsin Department of Corrections have been fully vaccinated.[2] Additionally, there are only ten active COVID-19 cases in all facilities under the control of the Wisconsin Department of Corrections and no active cases where Plaintiff was incarcerated.[3] "[F]ederal courts have acknowledged that the deployment of the vaccine by the [Bureau of Prisons] significantly

---

[1] State of Wis. Dept. of Corrections, *COVID-19 (Coronavirus): Persons in our Care Dashboard*, https://doc.wi.gov/Pages/COVID19(Coronavirus)/COVID19TestingDashboard.aspx (last visited August 18, 2021).

[2] *Id.*

[3] *Id.*

mitigates the assessment of risk." *United States v. Sims*, No. 90-80492, 2021 WL 872218, at *3 (E.D. Mich. Mar. 9, 2021); *see also United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021) ("The available medical records do not indicate that [the defendant] has himself been vaccinated, but federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk."); *United States v. McKay*, No. 1:18-CR-00339-PAC-7, 2021 WL 807108, at *4 (S.D.N.Y. Mar. 3, 2021) ("Moreover, the BOP has begun vaccinating both inmates and staff . . . . And with the BOP committed to vaccinating all prisoners during the upcoming months, . . . [defendant] will eventually receive the vaccine") (internal quotation and citation omitted). With the change in circumstances regarding the COVID-19 pandemic and vaccines, the Court finds that Plaintiff has failed to show that without the relief requested he will suffer irreparable harm.[4] Therefore, the Court will deny Plaintiff's motion for a preliminary injunction and temporary restraining order.

### 4. CONCLUSION

In sum, Plaintiff will not be permitted to proceed as the representative of a class, and his complaint fails to state a claim. Plaintiff will be permitted to file an amended complaint. Additionally, the Court will deny Plaintiff's motion for a preliminary injunction and temporary restraining order, (Docket #4).

---

[4] Additionally, Plaintiff has failed to show he will suffer irreparable harm because he is now out of custody.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **September 20, 2021**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction and temporary restraining order (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that Plaintiff must pay the $326.28 balance of the filing fee over time as he is able. His payments shall be clearly identified by the case name and number assigned to this action. Plaintiff may mail his payments to the Clerk's Office at Office of the Clerk, United States District Court, Eastern District of Wisconsin, 362 United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202; and

**IT IS FURTHER ORDERED** that Plaintiff must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge